UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KATHLEEN LANGSTON :
    Plaintiff :
    :
v. : CASE NO. 1:15-CV-2027
    :
HERSHEY MEDICAL CENTER, et al., :
    Defendants :

*M E M O R A N D U M*

*I.*    *Introduction*

Presently before the court is Plaintiff's motion (Doc. 56) for reconsideration of a portion of this court's memorandum (Doc. 54) and accompanying order (Doc. 55) granting the motions to dismiss filed by Defendants Penn State Health Milton S. Hershey Medical Center ("HMC"), Dr. Evangelos Messaris ("Dr. Messaris"), Dr. Madhavi Singh, and Mount Nittany Medical Center. For the reasons discussed below, Plaintiff's motion for reconsideration will be denied.

*II.*    *Background*

The court thoroughly set forth this case's factual and procedural history in its August 16, 2016 memorandum. (See Doc. 54 at 1-7). In its August 16, 2016 decision, the court dismissed Plaintiff's federal claims that were based on 42 U.S.C. § 1983, the Americans with Disabilities Act, the Rehabilitation Act, and the Emergency Medical Treatment and Active Labor Act, as well as her related claims for attorney's fees. (Docs. 54, 55). After granting Defendants' motions to dismiss, only the state law

claims of medical malpractice and lack of informed consent remained.[1] The court also denied Plaintiff leave to file a third amended complaint.

Dissatisfied with the court's decision, Plaintiff moved for partial reconsideration. (Doc. 56). Specifically, Plaintiff seeks reconsideration of our decision denying her leave to file a third amended complaint with respect to the section 1983 claims against HMC and Dr. Messaris, as well as our denial of her related claim for attorney's fees under 42 U.S.C. § 1988(b). (Doc. 56-1 at 6). The motion has been fully briefed and is ripe for disposition.

III.     *Standards of Review*[2]

*A. Standard of Review - Motion for Reconsideration of Interlocutory Order*

Plaintiff seeks reconsideration under Local Rule 7.10 of an order dismissing some of her claims, and wishes to be permitted to yet again amend her complaint. (Doc. 56). Because Plaintiff seeks reconsideration of an interlocutory order, we will evaluate her motion under Federal Rule of Civil Procedure 54(b), which provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, *any order* or other form of decision, however designated, *which adjudicates fewer than all claims or the rights and liabilities of fewer*

---

[1] The court has subject matter jurisdiction over Plaintiff's state law claims based on 28 U.S.C. § 1332.

[2] The court is cognizant that because the instant motion for reconsideration concerns dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), the standard of review for such a dismissal—fully explained in the court's previous decision (see Doc. 54 at 7-8)—continues to control the substantive analysis. See Erdman v. Nationwide Ins. Co., 621 F. Supp. 2d 230, 233 (M.D. Pa. 2007) ("It follows . . . that the standard of review for a motion for reconsideration relates back to the standard applicable in the underlying decision.") (citation omitted), aff'd, 582 F.3d 500 (3d Cir. 2009).

2

> *than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.*

FED. R. CIV. P. 54(b) (emphasis added). This rule "expressly provides that an order adjudicating less than all claims in an action with multiple claims is not final unless the district court makes an express determination that there is no just reason for delay . . . ." Ortiz v. Eichler, 794 F.2d 889, 891 (3d Cir. 1986) (internal quotation marks omitted); see also Phila. Reserve Supply Co. v. Nowalk & Assocs., 864 F. Supp. 1456, 1460 (E.D. Pa. 1994). Moreover, so long as a district court has jurisdiction over a case, the court "possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so." United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973); see also Rottmund v. Continental Assur. Co., 813 F. Supp. 1104, 1107 (E.D. Pa. 1992).

Before entertaining a motion for reconsideration of an interlocutory order, however, the movant must establish good cause for why the court should revisit its prior decision. See Confer v. Custom Eng'g Co. Emp. Health Benefit Plan, 760 F. Supp. 75, 77 (W.D. Pa. 1991). Whether involving a final or interlocutory order, a motion for reconsideration is "not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citation omitted). A reconsideration motion should not be used to try to get a "second bite at the apple," Kropa v. Cabot Oil & Gas Corp., 716 F. Supp. 2d 375, 378 (M.D. Pa. 2010), or to raise new arguments or evidence that could have been proffered prior to the

issuance of the order in question, McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co., 817 F. Supp. 538, 541 (M.D. Pa. 1993).

*B. Standard of Review - Granting or Denying Leave to Amend*

Plaintiff also seeks reconsideration of the court's denial of leave to amend her complaint for a third time. The Third Circuit has recognized that leave to amend should be granted "in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment." Grayman v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (citations omitted). Leave to amend may also be denied when a party has repeatedly failed to cure deficiencies by amendments previously allowed. Foman, 371 U.S. at 182.

IV. *Discussion*

Plaintiff, in her brief accompanying the instant motion, states that she would like to revise her second amended complaint to include allegations that would, in her view, plausibly show that Defendants HMC and Dr. Messaris acted under color of state law.[3] Plaintiff seeks to add the following allegations to her complaint:

> In 1963, the M.S. Hershey Foundation offered $50 million to the Pennsylvania State University to establish a medical school in Hershey. With this grant and $21.3 million from the U.S. Public Health Service, the University built a medical school, research center, and teaching hospital—Penn State Milton S. Hershey Medical Center. The University broke ground in 1966, and Penn

---

[3] The court here assumes, without deciding, that the allegations regarding Defendants' treatment of Plaintiff contained in the second amended complaint rise to the level of "state-created danger" so as to plausibly state a constitutional substantive Due Process deprivation. See Ye v. United States, 484 F.3d 634, 638 (3d Cir. 2007) (listing elements necessary for a state-created danger claim). Plaintiff's first amended complaint was found to be deficient in this regard. (See Doc. 36 at 8-11).

4

> State College of Medicine opened its doors to students in 1967. Penn State Hershey Medical Center accepted its first patients in 1970. Hershey Medical Center is a teaching hospital whose faculty, including Defendant Messaris, are professors of the Penn State Hershey Medical Center.

(Doc. 56-1 at 7). According to Plaintiff, these allegations "clearly state a relationship between the state university of Pennsylvania and Hershey Medical Center." (Id.)

Plaintiff misunderstands the pleading requirements for a claim under 28 U.S.C. § 1983. Merely showing a "relationship" between a private entity and a public entity is insufficient to state a section 1983 claim for relief. Rather, as the court explained in its August 16, 2016 memorandum, in order to successfully plead a section 1983 claim, "a plaintiff must allege: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct complained of deprived the plaintiff of rights, privileges, or immunities secured by the laws or the Constitution of the United States." (Doc. 54 at 10-11) (quoting Bookwalter v. Keen, No. 1:15-CV-1291, 2015 U.S. Dist. LEXIS 141568, at *8 (M.D. Pa. Oct. 19, 2015) (Caldwell, J.) (citing Rehberg v. Paulk, 132 S. Ct. 1497, 1501 (2012)). "[A]ctions 'under color of law'" are considered to be "the equivalent of 'state action' under the Fourteenth Amendment." Leshko v. Servis, 423 F.3d 337, 339 (3d Cir. 2005).

Accordingly, where—as here—a defendant is not alleged to be a public entity, the allegations must plausibly show that the private defendant should be considered a state actor for purposes of section 1983. Although there is no "simple line" between state and private actors, the "principal question at stake is whether there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Id.

The Third Circuit has distilled "three broad tests generated by Supreme Court jurisprudence to determine whether state action exists." Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). The first test examines "whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state." Id. (internal quotation marks omitted). The second test examines "whether the private party has acted with the help of or in concert with state officials." Id. (internal quotation marks omitted). Finally, the third test analyzes "whether the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." Id. (alteration in original) (internal quotation marks omitted).

In the instant case, Plaintiff does not allege anywhere in her second amended complaint or proposed additions thereto that the practice of medicine is an exclusive prerogative of the state, or that the actions taken by Defendants were an exercise of powers that are traditionally the prerogative of the state. To the contrary, "[t]he provision of hospital services is not a function reserved exclusively to the state." Long v. Admin. of Montgomery Hosp. of Norristown, PA, No. CIV. A. 2000-CV-1056, 2000 WL 1593980, at *2 (E.D. Pa. Oct. 25, 2000) (citing Klavan v. Crozer-Chester Med. Ctr., 60 F. Supp. 2d 436, 441 n.5 (E.D. Pa. 1999)).

Furthermore, Plaintiff's second amended complaint and her proposed supplements are devoid of any allegation or set of facts tending to show Defendants "acted with the help of or in concert with state officials." Kach, 589 F.3d at 646. Thus, Plaintiff has undoubtedly failed to appropriately plead the existence of state action under the second test.

Finally, nothing in the second amended complaint or proposed supplements thereto establishes the existence of state action by HMC or Dr. Messaris under the third Kach test. To the contrary, Plaintiff's claims fall well short of plausibly asserting that the state has "so far insinuated itself into a position of interdependence with" HMC and Dr. Messaris that it "must be recognized as a joint participant in the challenged activity." Id.

The facts Plaintiff has alleged and the facts she seeks leave to allege only go so far as indicating that HMC was "affiliated with" Penn State University (or that a "relationship" existed between the entities), that HMC received Medicare funds from the federal government, that HMC is a teaching hospital with ties to Penn State University, and that Dr. Messaris is a professor of Penn State College of Medicine.[4] These allegations do not meet the pleading requirements for state action provided in the third Kach test.

First, receiving Medicare funds from the federal government is insufficient to show state action by HMC and Dr. Messaris. "[S]tate contributions to otherwise private entities, no matter how great those contributions may be, will not of themselves transform a private actor into a state actor." Osei v. La Salle Univ., 493 F. App'x 292, 295 (3d Cir. 2012) (quoting Krynicky v. Univ. of Pittsburgh, 742 F.2d 94, 97 (3d Cir. 1984)); see also Klavan, 60 F. Supp. 2d at 442 (explaining that "extensive financial assistance" will not constitute state action) (citations omitted).

Second, pleading the mere existence of a relationship between a private entity and a public entity is inadequate to show state action because state entanglement

---

[4] While Plaintiff states in her brief that Dr. Messaris is a professor of "Penn State Hershey Medical Center," (see Doc. 56-1 at 7), the court presumes Plaintiff means a professor of Penn State College of Medicine—the branch of Penn State University affiliated with medical teaching at HMC.

with the private entity must be so great as to compel the recognition of the state as a "joint participant in the challenged activity." Mark v. Borough of Hatboro, 51 F.3d 1137, 1142 (3d Cir. 1995) (quoting Krynicky, 742 F.2d at 98). While Plaintiff's pleadings undoubtedly show a relationship between Penn State University and HMC, they do not set forth why Penn State University should be considered a joint participant in the allegedly unconstitutional actions of HMC and Dr. Messaris. See Klavan, 60 F. Supp. 2d at 442 ("The purpose of this test is 'to assure that constitutional standards are invoked only when it can be said that the State is *responsible* for the specific conduct [of the private actor] of which the plaintiff complains.'" (quoting Blum v. Yaretsky, 457 U.S. 991, 1004 (1982)). Many private entities have relationships with the state or federal government, but this alone does not transform a private entity into a state actor for section 1983 purposes.

Lastly, while Plaintiff seeks to add the allegation that Dr. Messaris is a faculty member of Penn State College of Medicine, this allegation by itself will not salvage the deficient second amended complaint. Nothing in Plaintiff's allegations or proposed allegations establishes that Dr. Messaris violated Plaintiff's constitutional rights in his role as a professor for Penn State College of Medicine. Rather, Plaintiff claims that Dr. Messaris violated her constitutional rights when he provided inadequate treatment during her hospitalization at HMC, which "placed Plaintiff in a position where state-created danger caused her to be injured," and "deliberately disregarded her well-being." (Doc. 40 at 4-9).

It is well settled that "an otherwise private tort is not committed under color of state law simply because the tortfeasor is an employee of the state." Borough of Hatboro, 51 F.3d at 1150. Indeed, "a state employee . . . whose interaction with the [plaintiff] is

8

unconnected with his execution of official duties does not act under color of state law." Bonenberger v. Plymouth Twp., 132 F.3d 20, 24 (3d Cir. 1997) (citation omitted). Thus, Dr. Messaris's position as a faculty member of Penn State College of Medicine does not automatically transform his private actions as an HMC physician into state actions.

*V.        Conclusion*

For all of the foregoing reasons, Plaintiff's second amended complaint fails to state a claim for relief under 28 U.S.C. § 1983. Specifically, because the second amended complaint does not sufficiently allege state action by HMC or Dr. Messaris, its dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) was proper. Moreover, leave to file a third amended complaint was properly denied, as Plaintiff has repeatedly failed to cure her pleading deficiencies through previous amendments, and because Plaintiff's proposed additional allegations still would not cure her pleading deficiencies, thereby making such amendment futile. Finally, because dismissal of the section 1983 claims was proper, dismissal of the related claim for attorney's fees under 28 U.S.C. § 1988 was also appropriate.

Consequently, Plaintiff's motion for reconsideration will be denied. An appropriate order will follow.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge